## ABNER C. GLEASON *vs.* JOHN M. GAGE & trustee.

If one summoned as trustee in a trustee process has answered that the principal defendant had engaged to do a piece of work at a stated price, to be paid when it was completed, but that nothing had become due thereon at the time of the service of the writ; that a specified sum had become due for extra work; and that he had paid to the defendant generally on account for work, without any agreement for its application, a sum greater than that due for extra work; it is not competent for the plaintiff to allege and prove that the whole of the payment was actually made by the trustee in part payment for the labor done under the original agreement.

TRUSTEE PROCESS. At the trial in the superior court, upon facts which are stated in the opinion, Edward Lamb was charged as trustee, and appealed.

*W. A. Williams,* for the trustee.

*G. F. Verry,* for the plaintiff.

HOAR, J. We are of opinion that the trustee must be discharged on his answer. He answered that the principal defendant had engaged to do a job of work for him, for which he was to pay him $250 when it was completed, but that nothing had become due upon it at the time of the service of the writ; that $37 had become due to him for extra work; that he had paid him generally on account for work, without any agreement as to its application, $110.25, which more than balanced all which might be due for extra work; and that he was not indebted to him when the process was served for labor or upon said job. The allegation filed by the plaintiff avers that the payment was actually made by the trustee in part payment of the work done on the job. This allegation is in direct conflict with the answer, and was therefore inadmissible to charge the trustee.

The doctrine of the application of payments is well settled. If the party paying chooses to make the application of the payment to any particular debt, he may do so. If he pays generally, without making any particular application, the other party may make it. If it is made by neither, the law applies it. But the party receiving the money can only apply it to some existing debt; and if he fails to make the application, the law will only

apply it in like manner. The plaintiff argues that the trustee does not say expressly that he did not apply the payment upon the job. But he does say that he paid it generally on account, without any agreement for its application. If he paid it toward the job, and the other party received it, that would be an agreement for its application. If the defendant had sued the trustee for the extra work, the payment would have been a defence. The whole amount of the transaction was this : the trustee owed but $37 ; he paid $110.25 on account, and this was in law a payment of his debt. His denial in the answer of any subsisting indebtment is express and unambiguous ; and the facts stated in connection with this denial are not only consistent with, but confirm, it.        *Trustee discharged.*